UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIYTON W. HAMILTON,

                              Plaintiff,

              v.

WESTCHESTER DEPARTMENT OF
CORRECTIONS, *et al.*,

                              Defendants.

No. 19-CV-3838 (KMK)

OPINION & ORDER

Appearances:

Briyton W. Hamilton
E. Elmhurst, NY
*Pro se Plaintiff*

Taryn A. Chapman, Esq.
Westchester County Attorney's Office
White Plains, NY
*Counsel for Defendants Westchester Department of Corrections, Correction Sergeant West, and Emergency Response Team*

Paul A. Sanders, Esq.
Sanjeev Devabhakthuni, Esq.
Barclay Damon LLP
Rochester, NY
*Counsel for Defendant Ms. Edwards*

KENNETH M. KARAS, United States District Judge:

        Briyton W. Hamilton ("Plaintiff"), proceeding pro se, brings this Complaint, pursuant to

42 U.S.C. § 1983, against Defendants, alleging that they violated his rights under the Fourteenth

Amendment when they failed to properly treat an injury he experienced as a pre-trial detainee at

Westchester County Jail ("WCJ").  (*See* Compl. (Dkt. No. 2).)[1]  Before the Court are two

_____

        [1] "Defendants" refers to Westchester Department of Corrections ("WDOC"), Sergeant
West ("West"), Medical Nurse Ms. Edwards ("Edwards"), and the Emergency Response Team

Motions to Dismiss—one filed by Edwards, and one filed by County Defendants (the "Edwards Motion," the "County Defendants Motion," and, collectively, the "Motions")—filed pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6).  (*See* Not. of Edwards Mot.; Not. of County Defs. Mot. (Dkt. Nos. 23, 30).)   For the following reasons, the Motions are granted.

I.  Background

A.  Factual Background

The following facts are drawn from Plaintiff's Complaint and are taken as true for the purpose of resolving the instant Motion.

Plaintiff alleges, that, on August 17, 2018 at approximately 3:20 p.m., while he was a pre-trial detainee at WCJ, he slipped and fell on a "sewer top located in the old jail recreation yard."  (*See* Compl. 2, 4.)[2]  Plaintiff claims that he injured his right ankle and lower back and was unable to get up from the floor.  (*Id*. at 4.)  West was then allegedly "called to the sce[]ne" by other correction officers who were patrolling the recreation yard at the time.  (*Id*.)  Edwards was also called to the scene and asked Plaintiff whether he could stand up.  (*Id*.)  Plaintiff responded that he could not get up and that he was experiencing "serious pain."  (*Id*.)

Plaintiff alleges that, "instead of calling for a stretcher," Edwards walked away from Plaintiff and left him on the floor.  (*Id*.)  West then called the ERT, who "forcefully handcuffed" Plaintiff and "forced" him to walk to the clinic.  (*Id*.)  Plaintiff claims that, during the walk, he would occasionally "drop[] to [his] knees" in pain but that the officers would only "squeeze[] [his] handcuffs" tighter, "sending extre[me] pain to" Plaintiff's wrists.  (*Id*. at 4, 7.)  Once at the

---

("ERT").  (*See* Compl.)  The Court uses the term "County Defendants" to refer to Defendants WDOC, West, and ERT.  Defendant Edwards filed a separate Motion.

[2] The Court cites to the ECF page numbers stamped on the upper-right hand corner of the Complaint.

clinic, Plaintiff was allegedly "forced in a chair" while handcuffed behind his back.  (*Id*. at 7.)
Edwards then took Plaintiff's vitals, and afterwards, Plaintiff was "violently forced" to walk
back to his housing area.  (*Id*.)  Plaintiff claims, that during this "assault," the ERT broke his
finger, injured his right knee, and caused further pain to his wrists from the "extremely tight
handcuffs."  (*Id*.)

Plaintiff claims that he was "unable to walk on [his] own," and as a result, he could not
move from his cell for showers, get food trays, use the bathroom, or use the phone for six days.
(*Id*. at 5.)  Despite asking correction staff to go to the hospital, Plaintiff was repeatedly told that
"medical had to clear" him first before he could be taken to the hospital.  (*Id*.)  Plaintiff claims
that his finger and lower back still bother him now.  (*Id*.)  Based on the foregoing, Plaintiff seeks
$10 million dollars in damages.  (*See id*. at 7.)

B.  Procedural History

Plaintiff filed his Complaint on April 29, 2019, (*see* Compl.), and Plaintiff's request to
proceed in forma pauperis was granted on June 27, 2019, (*see* Dkt. No. 10).  On September 20,
2019, counsel for County Defendants wrote to the Court identifying the individuals involved in
ERT for the incident at issue.  (*See* Dkt. No. 20.)  However, despite obtaining this information,
Plaintiff failed to file any amended pleading naming the newly identified officers.

On October 16, 2019, in response to a Pre-Motion Letter from counsel for Defendant
Edwards, the Court set a briefing schedule for the Edwards Motion.  (*See* Dkt. No. 22.)  On
November 21, 2019, the Court granted a request from counsel for County Defendants seeking an
extension of the deadline to answer or otherwise respond to the Complaint.  (*See* Dkt. No. 28.)

Edwards filed her opening papers on November 20, 2019.  (*See* Not. of Edwards Mot.;
*see also* Decl. of Sanjeev Devabhakthuni, Esq. in Supp. of Edwards Mot. ("Devabhakthuni

Decl."); Edwards' Mem. of Law in Supp. of Edwards Mot. ("Edwards' Mem.") (Dkt. Nos. 24–25).)  County Defendants filed their opening papers on December 31, 2019.  (*See* Not. of County Defs.' Mot.; *see also* Decl. of Taryn A. Chapman-Langrin, Esq. in Supp. of County Defs.' Mot. ("Chapman-Langrin Decl."); County Defs.' Mem. of Law in Supp. of County Defs.' Mot. ("County Defs.' Mem.") (Dkt. Nos. 31–32).)  Plaintiff filed an Opposition on February 26, 2020. (*See* Pl.'s Mem. of Law in Opp'n to Mots. ("Pl.'s Mem.") (Dkt. No. 37).)  Edwards filed a Reply on March 5, 2020.  (*See* Edwards' Reply Mem. of Law in Supp. of Mot. ("Edwards' Reply Mem.") (Dkt. No. 38).)  County Defendants never submitted a reply.  The Court considers both Motions fully submitted.

## II.  Discussion

### A.  Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and quotation marks omitted).  Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  *Id.* (alteration and quotation marks omitted).  Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its

face," *id.* at 570, if a plaintiff has not "nudged [his] claim[] across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (second alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and "draw[] all reasonable inferences in favor of the plaintiff," *Daniel v. T&M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)).  Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken."  *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (quotation marks omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same).  Where, as here, a plaintiff proceeds pro se, the court must "construe[] [his] [complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]."  *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quotation marks omitted). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from

compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp.

2d 555, 559 (S.D.N.Y. 2013) (quotation marks omitted); *see also Caidor v. Onondaga County*,

517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves

regarding procedural rules and to comply with them." (italics and quotation marks omitted)).

Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its

consideration to facts stated on the face of the complaint, in documents appended to the

complaint or incorporated in the complaint by reference, and to matters of which judicial notice

may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (quotation

marks and citation omitted).  When a plaintiff proceeds pro se, however, the Court may consider

"materials outside the complaint to the extent that they are consistent with the allegations in the

complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug.

2, 2013) (quotation marks omitted), including "documents that a pro se litigant attaches to his

opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec.

15, 2010) (italics omitted).

    B.  Analysis

The Court liberally construes Plaintiff's Complaint to state a claim for deliberate

indifference to his medical needs when he was a pre-trial detainee, which constitutes a violation

of the Fourteenth Amendment.  (*See generally* Compl.)

    1.  Documents Considered

To begin, Edwards asks the Court to consider medical records attached to the

Devabhakthuni Declaration that purportedly discredit Plaintiff's account of the medical care he

received and the injuries he suffered following his fall.  (*See* Edwards' Mem. 5–6.)  Edwards

argues that the medical records are incorporated by reference into the Complaint.  Specifically,

Edwards claims that the "records of treatment while housed at the jail are integral to [Plaintiff's] claim because he claims he received no medical care from [] Edwards following his alleged fall." (*Id*. at 5.)  However, Edwards cites no cases supporting the proposition that medical records from an alleged injury are incorporated by reference into a pleading simply because a complaint alleges deliberate indifference to medical needs.  Indeed, this approach appears to be at odds with the wide latitude given to pro se litigants, especially at the pleading stage.  In *Nielsen v. Rabin*, 746 F.3d 58 (2d Cir. 2014), the Second Circuit concluded that a district court erred by relying on "medical records proffered by the defendants" when denying the pro se plaintiff leave to amend his pleading because "[i]n so doing, the court inappropriately resolved issues of fact." *Id*. at 63.[3]  Plaintiff's Complaint alleges a series of events as he perceived them on the day of his injury.  (*See generally* Compl.)  Plaintiff did not necessarily "rel[y] heavily on the [medical] records in drafting the . . . Complaint," nor did he "explicitly quote[] language from various documents in the record."  *Xiao Qing Liu v. N.Y. State Dep't of Health*, No. 16-CV-4046, 2017 WL 3393944, at *4 (S.D.N.Y. Aug. 7, 2017), *appeal dismissed*, No. 17-2820, 2018 WL 1276744 (2d Cir. Jan. 11, 2018); *see also Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006) (explaining that materials are not considered integral to the complaint even where there is some reference to or "limited quotation from material[s] outside [the] complaint" (citation omitted)).  Therefore, the Court does not agree that the medical records are integral to Plaintiff's Complaint.

Nothing else about the records makes them judicially noticeable documents.  *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (explaining materials that are

---

[3] The rationale in *Nielsen* is applicable here because "[t]he adequacy of [a] proposed amended complaint . . . is to be judged by the same standards as those governing the adequacy of a filed pleading."  *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991).

appropriate for judicial notice include the fact that "press coverage, prior lawsuits, or regulatory filings contained certain information" (collecting cases)); *see also* Fed. R. Evid. 201 ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). Even to the extent the medical records are judicially noticeable, this Court is only permitted to accept that they "contained certain information," and is not allowed to presume "the truth of their contents." *Staehr*, 547 F.3d at 425 (citations omitted). Therefore, their existence alone—even if considered—would not defeat the presumption of truth that the Court gives to Plaintiff's allegations at this stage of the Action. Moreover, even though Plaintiff attached certain documents to his Opposition, this Court may only consider them "to the extent that they are consistent with the allegations in the [C]omplaint." *Alsaifullah*, 2013 WL 3972514, at *4 n.3 (citation and quotation marks omitted); *see also Pearson v. Walden Univ.*, 144 F. Supp. 3d 503, 508 (S.D.N.Y. 2015) (same). Given that Edwards proffers the medical records because they, at least to some extent, contradict Plaintiff's factual allegations in his Complaint, (*see* Edwards' Mem. 5–6), considering the records and using them to grant Defendants' Motions would require the Court to engage in improper fact-finding at the pleading stage of the Action, *see Nielsen*, 746 F.3d at 63 n.4 (explaining that the "medical records' description of his complaints is only the defendants' version of the events," and by "assuming that the records are true where they contradict the allegations in the complaint," the court would "turn[] the Rule 12(b)(6) standard on its head"). Therefore, the Court will not consider them in resolving the instant Motion.

### 2.  Sufficiency of the Pleadings

County Defendants appear to argue that Plaintiff's Complaint should be dismissed for failure to comply with Federal Rule 8's pleading requirements.  (*See* County Defs.' Mem. 4–6.) In particular, County Defendants argue that Plaintiff has failed to use "short and plain statements" or to use numbered paragraphs.  (*See id*. at 4–6.)

The Court declines to dismiss on these grounds.  To begin, Plaintiff has used a version of the form provided by the Southern District of New York on its website for prisoner pro se complaints.  (*See* https://www.nysd.uscourts.gov/node/846 (last accessed July 20, 2020); Compl.)  The form itself provides several blank lines where a pro se plaintiff may describe the relevant facts for his or her complaint.  The form does not contain numbered paragraphs or lists. It would be absurd to punish Plaintiff for using the very form that this District provides to pro se litigants for § 1983 complaints.

Moreover, the "principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *see also Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("The key to Rule 8(a)'s requirements is whether adequate notice is given."), and if the Complaint "fails to comply with th[is] requirement[], the . . . [C]ourt has the power . . . to dismiss [it]," *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (citation omitted). "Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial."  *Simmons*, 49 F.3d at 86 (citations and quotation marks omitted); *see also Clifton v. Hra Nyc Govt*, No. 16-CV-1753, 2016 WL 4203486, at *2 (E.D.N.Y. Aug. 9, 2016) ("[The plaintiff] must provide facts sufficient to allow each defendant to have a fair understanding of

what [the plaintiff] is complaining about and to know whether there is a legal basis for recovery." (citation omitted)).  Dismissal for failure to comply with Rule 8 "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons*, 49 F.3d at 86 (citation and quotation marks omitted); *see also Guichardo v. Officer Keefrey*, No. 15-CV-6478, 2015 WL 7575904, at *2 (E.D.N.Y. Nov. 24, 2015) (same).

There can be no question that the Complaint "disclose[s] sufficient information to permit . . [D]efendant[s] to have a fair understanding of what . . . [P]laintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (citation and quotation marks omitted).  The Complaint contains a succinct re-telling of a specific sequence of events—lasting no more than a few hours—and ascribes some discernible acts to at least one Defendant.  *See Simmons*, 49 F.3d at 87 (finding "it clear that [the plaintiff's] amended complaint gave [the] defendants fair notice of the claims asserted" where, despite lacking some details, the amended complaint "indicated that all of the events complained of took place in January 1992 . . . , and [] in many instances ascribed specific acts to specific individual defendants").  The Court can identify nothing confusing, ambiguous, vague, or otherwise unintelligible about Plaintiff's rather straightforward factual allegations.  *Cf. Kalter v. Hartford Ins. Co. of the Midwest*, 24 F. Supp. 3d 230, 235 (E.D.N.Y. 2014) (dismissing complaint pursuant to Rule 8(a) where the complaint contained "only broad, vague[,] and generalized allegations").  Indeed, the Court has seen its fair share of complaints that "consist[ed] of a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension," *Diaz v. City Univ. of N.Y.*, No. 13-CV-2038, 2014 WL 10417871, at *8 (S.D.N.Y. Nov. 10, 2014) (citation and quotation marks omitted), *adopted in part by* 2015 WL

5577905 (S.D.N.Y. Sept. 22, 2015), or were comprised of "rambling, conclusory, possibly delusional allegations [that were] so vague as to make it impossible for [the] defendants to frame a response," *Middleton v. United States*, No. 10-CV-6057, 2012 WL 394559, at *3 (E.D.N.Y. Feb. 7, 2012) (record citation and quotation marks omitted).  The Complaint here, however, does not exhibit those disqualifying characteristics.  Plaintiff has not, for example, provided "a great amount of disjoined and nonsequential information to the Court about" external circumstances. *Pilao Ong v. Park Manor (Middletown Park) Rehab. & Healthcare Ctr.*, No. 12-CV-0974, 2013 WL 12433880, at *3 (S.D.N.Y. July 11, 2013).

County Defendants take issue with the fact that Plaintiff has not enumerated any "legal theories" to serve as the basis of his constitutional complaints.  (County Defs.' Mem. 6.)  But failure to delineate causes of action is clearly not a reason to dismiss a pro se plaintiff's complaint.  As the Second Circuit has noted, "the Rules do not require a plaintiff to plead the legal theory . . . underlying his claim," which is "especially true in the case of pro se litigants, who cannot be expected to know all of the legal theories on which they might ultimately recover."  *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) (citations and italics omitted); *see also Marbury Mgmt., Inc. v. Kohn*, 629 F.2d 705, 712 n.4 (2d Cir. 1980) ("Generally a complaint that gives full notice of the circumstances giving rise to the plaintiff's claim for relief need not also correctly plead the legal theory or theories and statutory basis supporting the claim." (collecting cases)); *Allyn v. Rockland County*, No. 12-CV-5022, 2012 WL 5992735, at *2 (S.D.N.Y. Nov. 8, 2012) (rejecting argument that the complaint failed to adequately notify defendants of the nature of the complaint where the plaintiffs "fail[ed] to state the statutory and constitutional bases for their allegations").  It bears noting that dismissal of a pro se plaintiff's complaint under Rule 8 for a failure to properly delineate specific causes of action would render

meaningless the Second Circuit's instruction that courts ought to liberally construe pro se

plaintiffs' pleadings, and that, "[i]n so doing, the court's imagination should be limited only by

[the plaintiff's] factual allegations, not by the legal claims set out in his pleadings." *Phillips*, 408

F.3d at 130 (citation omitted).  Therefore, the Court declines to dismiss the Complaint for lack of

compliance with Federal Rule 8.[4]

### 3.  Fourteenth Amendment Claim

Both Edwards and County Defendants argue that the alleged facts fail to state a medical

deliberate indifference claim against Edwards, West, or any other Defendant.  (*See* Edwards'

Mem. 6–8; County Defs.' Mem. 6–7.)

Because Plaintiff was a pre-trial detainee at the time he was allegedly denied medical

care, Plaintiff's claim falls under "the Due Process Clause of the Fourteenth Amendment, rather

than the Cruel and Unusual Punishments Clause of the Eight[h] Amendment."  *Darnell v.

Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (citation omitted).  A pre-trial detainee's rights are "at

least as great as the Eighth Amendment protections available to a convicted prisoner."  *Id.*

(quotation marks omitted) (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244

(1983)).

"[W]hile in custody, a pretrial detainee has a Fourteenth Amendment substantive due

process right to care and protection . . . ."  *Case v. Anderson*, No. 16-CV-983, 2017 WL

3701863, at *8 (S.D.N.Y. Aug. 25, 2017) (quotation marks omitted) (quoting *Kelsey v. City of

New York*, 306 F. App'x 700, 702 (2d Cir. 2009)).  To establish a claim for deliberate

---

[4] County Defendants also argue that the Complaint should be dismissed because Plaintiff
failed to amend the Complaint and name the individual ERT officers that County Defendants
identified as participants in the alleged incident.  (*See* County Defs.' Mem. 4; Dkt. No. 20.)
However, this is an issue that can easily be fixed if Plaintiff is given an opportunity to amend,
which, especially given Plaintiff's pro se status, the Court will provide.

indifference to medical needs under the Due Process Clause of the Fourteenth Amendment, a pre-trial detainee must establish two elements: (1) that the "deprivation of medical care . . . [was] 'sufficiently serious,'" and (2) that the defendant "acted or failed to act with 'a sufficiently culpable state of mind.'"  *Smith v. Outlaw*, No. 15-CV-9961, 2017 WL 4417699, at *2 (S.D.N.Y. Sept. 30, 2017) (quoting *Salahuddin v. Goord*, 467 F.3d, 263, 279 (2d Cir. 2006); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

"The first requirement is objective: the alleged deprivation of adequate medical care must be sufficiently serious."  *Spavone v. N. Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (citation and quotation marks omitted).[5]  "There is no static test to determine whether a deprivation is sufficiently serious; instead, the conditions themselves must be evaluated in light of contemporary standards of decency."  *Darnell*, 849 F.3d at 30 (citation and quotation marks omitted).  Analyzing this objective requirement involves two inquiries: "[t]he first inquiry is whether the [detainee] was actually deprived of adequate medical care," *Salahuddin*, 467 F.3d at 279, and the second "asks whether the inadequacy in medical care is sufficiently serious.  This inquiry requires the [C]ourt to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the [detainee]," *id.* at 280 (citation omitted).  To meet the objective requirement, "the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health."  *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (citations omitted).  "There is no settled, precise metric to guide a court in its estimation of the seriousness of [a detainee's] medical condition."  *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003).  Nevertheless, the Second Circuit has presented the

---

[5] This first requirement is the same under both the Eighth and Fourteenth Amendment approaches to a deliberate indifference claim.  *See Darnell*, 849 F.3d at 30.

following non-exhaustive list of factors to consider when evaluating a detainee's medical

condition: "(1) whether a reasonable doctor or patient would perceive the medical need in

question as important and worthy of comment or treatment, (2) whether the medical condition

significantly affects daily activities, and (3) the existence of chronic and substantial pain." *Id.*

(quotation marks omitted) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)); *see*

*also Morales v. Fischer*, 46 F. Supp. 3d 239, 247 (W.D.N.Y. 2014) (same), *appeal dismissed*,

No. 14-3881 (2d Cir. June 18, 2015).  Generally, the condition must be "'a condition of urgency'

that may result in 'degeneration' or 'extreme pain.'"  *Grimmett v. Corizon Med. Assocs. of N.Y.*,

No. 15-CV-7351, 2017 WL 2274485, at *3 (S.D.N.Y. May 24, 2017) (quoting *Chance*, 143 F.3d

at 702)).

   The second requirement is the "mens rea prong."[6]  "Prior to the Second Circuit's decision

in [*Darnell*, 849 F.3d 17,] the second element—whether the defendant acted with a sufficiently

culpable state of mind—was evaluated subjectively."  *Ryan v. County of Nassau*, No. 12-CV-

5343, 2018 WL 354684, at *3 (E.D.N.Y. Jan. 10, 2018) (citation omitted).  However, in *Darnell*,

in light of the Supreme Court's decision in *Kingsley v. Henderickson*, 576 U.S. 389 (2015), the

Second Circuit held that when a claim arises under the Fourteenth Amendment, "the pretrial

detainee must prove that the defendant-official acted intentionally" in depriving adequate

medical care, "or recklessly failed to act with reasonable care . . . even though the defendant-

official knew, or should have known, that the condition posed an excessive risk to health or

safety."  *Darnell*, 849 F.3d at 35; *see also Ryan*, 2018 WL 354684, at *3 (same).  "In other

---

[6] In *Darnell*, the Second Circuit indicated that this prong should be referred to as the "mens rea prong," rather than the subjective prong, to prevent confusion.  *See Darnell*, 849 F.3d at 29 (italics and quotation marks omitted).

words, the second element of a deliberate indifference claim under the Fourteenth Amendment 'is defined objectively,' and a plaintiff is not required to show subjective awareness by the defendant that '[his] acts (or omissions) have subjected the pre-trial detainee to a substantial risk of harm.'" *Ryan*, 2018 WL 354684, at *3 (footnote omitted) (quoting *Darnell*, 849 F.3d at 35).[7] Despite the slightly lower standard articulated in *Darnell*, which is akin to objective recklessness, "any § 1983 claim for a violation of due process requires proof of a mens rea greater than mere negligence."  *Smith*, 2017 WL 4417699, at *3 (italics omitted) (quoting *Darnell*, 849 F.3d at 36); *see also Ryan*, 2018 WL 354684, at *3 (same); *Grimmett*, 2017 WL 2274485, at *4 (same).  "A detainee must prove that an official acted intentionally or recklessly, and not merely negligently." *Darnell*, 849 F.3d at 36.

Additionally, where a plaintiff's claim is "based on a temporary delay or interruption in treatment, the serious medical need inquiry can properly take into account the severity of the temporary deprivation alleged by the [detainee]." *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003) (citations and footnote omitted).  "[It is] the particular risk of harm faced by a [detainee] due to the challenged deprivation of care, rather than the severity of the [detainee's] underlying medical condition, considered in the abstract, that is relevant . . . ." *Id.* (citations omitted). "[A]lthough a delay in providing necessary medical care may in some cases constitute deliberate indifference, the Second Circuit has reserved such a classification for cases in which, for example, officials ignored a life-threatening and fast-degenerating condition for three days, or delayed major surgery over two years." *Jones v. Westchester County*, 182 F. Supp. 3d 134, 155

---

[7] The Second Circuit has since confirmed that "[a]lthough *Darnell* did not specifically address medical treatment, the same principle applies" to such claims.  *Charles v. Orange County*, 925 F.3d 73, 87 (2d Cir. 2019) (citation omitted).

(S.D.N.Y. 2016) (citation, alteration, and quotation marks omitted); *see also Ramos v. Artuz*, No. 00-CV-149, 2003 WL 342347, at *10 (S.D.N.Y. Feb. 14, 2003) (same).

Plaintiff's claim fails on both prongs of a deliberate indifference claim.  To begin, Plaintiff has failed to allege that his injuries are sufficiently serious to qualify for such a claim. Plaintiff has, at most, alleged that he experiences pain in his lower back, knee, and finger as a result of the purported delay or inadequacy of the medical attention he received following his fall.  (*See* Compl. 5, 7.)  Although he alleges that, for a temporary period, the pain was so significant that he could not move, the current consequences of any delay or inadequacy in medical treatment do not rise to the level of a constitutional violation.  (*See id.* at 5.)  "Courts in the Second Circuit have held that injuries much more serious than . . . Plaintiff's, including broken bones, bleeding wounds, and degenerative arthritis, do not constitute 'serious injury.'" *Fair v. Weiburg*, No. 02-CV-9218, 2006 WL 2801999, at *7 (S.D.N.Y. Sept. 28, 2006) (citation omitted) (holding that a sufficiently serious injury was not alleged where plaintiff was "stabbed three times," and that those injuries "made it difficult for him to raise his hands" (record citation and quotation marks omitted)); *see also Rodriguez v. Mercado*, No. 00-CV-8588, 2002 WL 1997885, at *8 (S.D.N.Y. Aug. 28, 2002) (collecting cases and explaining that, inter alia, pain from a "foot fracture, bone cyst, and degenerative arthritis" has been held not to be "sufficiently serious"); *Henderson v. Doe*, No. 98-CV-5011, 1999 WL 378333, at *2–3 (S.D.N.Y. June 10, 1999) (holding that a broken finger is not sufficiently serious to plausibly allege a claim of deliberate medical indifference).  Therefore, any deliberate medical indifference claim as to any Defendant fails outright.

Even if Plaintiff's injuries could be considered sufficiently serious, Plaintiff has also alleged no facts that suggest that Edwards, West, or any other Defendant "recklessly failed to act

with reasonable care." *Darnell*, 849 F.3d at 35.  Plaintiff alleges that Edwards, West, and the ERT failed to obtain a stretcher and instead stood him up, handcuffed him, and walked him to a chair, where his "vitals" were taken.  (*See* Compl. 5, 7.)  Plaintiff appears to take issue with the fact that he was not put on a stretcher, and he argues in his Opposition that "[w]hen a person is injured from a slip and fall and is unable to get up and walk, that person is not suppose[d] to be moved," and that "a stretcher is suppose[d] to be called to the scene and the patient is suppose[d] to be wheeled to the hospital or the clinic."  (Pl.'s Mem. 4.)[8]

"It is well-established that mere disagreement over the proper treatment does not create a constitutional claim." *Robinson v. Clark*, No. 15-CV-8434, 2017 WL 775813, at *7 (S.D.N.Y. Feb. 27, 2017) (citation and quotation marks omitted).  Even in the context of a pre-trial detainee's deliberate indifference claim, "despite the slightly lower standard" of the mens rea prong than a prisoner's claim, "proof of a mens rea greater than mere negligence" is required. *Tutora v. Correct Care Sols., LLC*, No. 17-CV-9169, 2019 WL 1383646, at *5 (S.D.N.Y Mar. 27, 2019) (citation, alteration, and quotation marks omitted).  Plaintiff does not allege that Defendants completely ignored him after the fall; instead, he claims that he was forced to walk to a chair, where Edwards took his vitals (and, as the Complaint specifies nothing further, presumably did not provide any further medical care).  (*See* Compl. 5, 7.)  Although Edwards and County Defendants are alleged to have refused Plaintiff "his desired treatment . . . , it is well-settled that the ultimate decision of whether or not to administer a treatment or medication is a medical judgment that, *without more*, does not amount to deliberate indifference." *Crouch v. Spaulding*, No. 16-CV-1435, 2019 WL 1004539, at *4 (N.D.N.Y. Jan. 24, 2019) (emphasis

---

[8] When citing to Plaintiff's Opposition, the Court refers to the ECF-stamped page numbers on the upper right-hand corner of each page.

added) (citation and quotation marks omitted), *adopted by* 2019 WL 1004357 (N.D.N.Y. Mar. 1,

2019); *see also Durham v. Jones*, No. 17-CV-434, 2019 WL 1103284, at *5 (N.D.N.Y. Jan. 23,

2019) ("The fact that [the plaintiff] may feel that he did not get the level of medical attention he

deserved is insufficient to establish a claim." (citation omitted)), *adopted by* 2019 WL 1100158

(N.D.N.Y. Mar. 8, 2019).  The Complaint does not allege what "more" took place here; the facts

as alleged do not plausibly suggest that any Defendant "should have known" that Plaintiff's

"condition posed an *excessive* risk to [his] health."  *Darnell*, 849 F.3d at 35 (emphasis

added); *see also, e.g.*, *Sanders v. City of New York*, No. 16-CV-7426, 2018 WL 3117508, at *8

(S.D.N.Y. June 25, 2018) (holding deliberate indifference not established where "none of the[]

allegations demonstrates that [the defendants] 'knew, or should have known' that depriving [the

plaintiff] of an orthopedic mattress posed an 'excessive risk' to his 'health or safety.'"

(quoting *Darnell*, 849 F.3d at 35)); *Benjamin v. Pillai*, No. 16-CV-1721, 2018 WL 704998, at *4

(D. Conn. Feb. 5, 2018) (holding claim that the defendants "refus[ed] to provide [the plaintiff] a

cane or a back brace . . . amounts to nothing more than a disagreement about the appropriate

treatment, which is insufficient to support a claim of deliberate indifference" (citation omitted)).[9]

Moreover, to the extent Plaintiff seeks to claim that there was unreasonable *delay* in providing

him with medical treatment, none of Plaintiff's allegations suggests that Plaintiff was

---

[9] To the extent that Plaintiff seeks to file a claim based on the six days when he was
allegedly paralyzed within his cell and was refused any medical treatment at all, (*see* Compl. 5),
Plaintiff has failed to allege the names of any individuals who participated in those alleged
denials or that named Defendants Edwards or West played a role in those denials.  Therefore, no
named defendant is plausibly alleged to have been personally involved in those incidents, and
Plaintiff cannot recover in the abstract for the pain he allegedly suffered during that period.  *See
Austin v. Pappas*, No. 04-CV-7263, 2008 WL 857528, at *2 (S.D.N.Y. Mar. 31, 2008) ("The
personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an
award of damages under § 1983." (quotation marks omitted) (citing *Back v. Hastings on Hudson
Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir. 2004))).

experiencing "a life-threatening and fast-degenerating condition." *Jones*, 182 F. Supp. 3d at 155

(citation and quotation marks omitted) (collecting cases and noting that plaintiff's allegations of

general "severe pain and injuries to his knee, hip, and back" were not severe enough to state a

claim for deliberate indifferent based on delay in medical care (record citation and quotation

marks omitted)).  Therefore, Plaintiff has failed to plausibly allege a deliberate medical

indifference claim.[10]

### III.  Conclusion

For the foregoing reasons, the Court grants Defendants' respective Motions To Dismiss.

In light of Plaintiff's pro se status, and because this is the first adjudication of Plaintiff's claims

on the merits, Plaintiff's claims are dismissed without prejudice.  If Plaintiff wishes to file an

amended complaint alleging additional facts and otherwise addressing the deficiencies identified

above, Plaintiff must do so within 30 days of the date of this Opinion & Order.  Plaintiff is

---

[10] Edwards also has included a number of arguments addressing any potential state claims.  (*See* Edwards' Mem. 8–9.)  However, the Court sees no state claims asserted in the Complaint.  Plaintiff only checked off the box indicating that he wished to sue for violation of his "federal constitutional rights."  (Compl. 2.)  Therefore, the Court does not address Edwards' arguments on these issues, but Edwards may of course raise them again should Plaintiff attempt to assert state claims in an amended pleading.

County Defendants also argue that Plaintiff failed to exhaust his administrative remedies.  (*See* County Defs.' Mem. 7.)  The Court also does not address this argument at this time, but emphasizes that "the failure to exhaust administrative remedies is an affirmative defense under the [Prison Litigation Reform Act], not a pleading requirement."  *Shaw v. Ortiz*, No. 15-CV-8964, 2016 WL 7410722, at *4 (S.D.N.Y. Dec. 21, 2016) (citation, alteration, and quotation marks omitted).  Generally, a defendant "bears the burden of proving that [the p]laintiff failed to exhaust available administrative remedies," and the plaintiff "need not plead exhaustion with particularity."  *Id*. (citation and quotation marks omitted).  "When non-exhaustion is not clear from the face of the complaint," a defendant's motion must be "converted to a motion for summary judgment limited to the narrow issue of exhaustion and the . . . question of whether remedies were available."  *Id*. (citation and quotation marks omitted).  However, a defendant cannot simply rest on a complaint that fails to allege with particularity that administrative remedies were exhausted, and—without more—claim that it should be dismissed on those grounds.

instructed to include the names of the individual ERT officers identified by County Defendants in Dkt. No. 20 in his amended pleading, in addition to any other changes he wishes to implement.  Failure to properly and timely amend will likely result in the dismissal of the claims against Defendants with prejudice.

The Clerk of Court is respectfully directed to terminate the pending Motions, (Dkt. Nos. 23, 30), and to mail a copy of (1) this Opinion & Order and (2) Dkt. No. 20 to Plaintiff's address listed on the docket.

SO ORDERED.

Dated:   July 23, 2020
          White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE